**Aleksandr Olegovich YAKOVLEV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71267.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Aleksandr Olegovich Yakovlev, a native and citizen of Russia, petitions pro se for review from the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Yakovlev failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground because Yakovlev has not shown that the beatings he allegedly suffered at the hands of Cossacks were perpetrated by agents of the government or by individuals the government was unable or unwilling to control. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). In addition, the childhood incidents

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Yakovlev described, as well as the workplace discrimination he and his fellow Baptists experienced, did not amount to persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Yakovlev does not have a well-founded fear of future persecution because fear of general hostility between ethnic and religious groups does not constitute fear of persecution. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998). Yakovlev's future persecution is further undermined by the fact that his mother, a practicing Baptist, continues to live in the same town in Russia without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Finally, substantial evidence supports the IJ's determination that Yakovlev could successfully relocate within Russia. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999–1000 (9th Cir.2003).

Because Yakovlev failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244.

Yakovlev does not challenge the IJ's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.